J-S77028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID ALPHONSE GOAD | |
| Appellant | No. 255 MDA 2016 |

Appeal from the Order Entered November 2, 2015
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000147-2011
CP-55-CR-0000413-2010

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

JUDGMENT ORDER BY OLSON, J:                    **FILED NOVEMBER 08, 2016**

Appellant, David Alphonse Goad, appeals from the order entered on November 2, 2015.  We vacate and remand.

The factual background and procedural history of this case is as follows.  On November 24, 2014, Appellant was ordered to pay costs, fees, and restitution stemming from two convictions for retail theft.  Appellant failed to make the required payments and, therefore, a contempt hearing was held on March 24, 2015.  At that hearing, Appellant agreed to a payment plan.  Appellant failed to comply with the payment plan's terms.  Thus, a second contempt hearing was held on October 30, 2015.

At the October 30, 2015 hearing, one witness testified, however, Appellant was not permitted to cross-examine the witness.  **See** N.T.,

* Retired Senior Judge assigned to the Superior Court

10/30/15, at 7-9. On November 2, 2015, the trial court found Appellant in civil contempt and ordered him imprisoned until he purged the contempt, or for a maximum period of 15 days to 6 months.

Appellant filed a timely *pro se* notice of appeal. This Court remanded this case to the trial court to determine whether Appellant wished to be represented by his court-appointed counsel or if he wished to proceed *pro se*. Appellant chose to be represented by counsel, who filed a brief on his behalf.

Appellant presents one issue for our review:

> Did error occur where Appellant was not given the opportunity to offer a defense?

Appellant's Brief at 5.

After Appellant filed his brief, the parties filed a joint application seeking remand for a new contempt hearing. We agree with the parties that Appellant is entitled to a new contempt hearing. In order to comply with the United States Constitution's Fourteenth Amendment's right to due process during a civil contempt hearing, a defendant must have a full and fair opportunity to cross-examine any witnesses offered against him or her. **See Sutch v. Roxborough Mem'l Hosp.,** 142 A.3d 38, 77 (Pa. Super. 2016). As noted above, in this case Appellant was not provided the opportunity to cross-examine the lone witness offered against him. Thus, we conclude that Appellant's constitutional right to due process was violated. Accordingly, we

vacate the order finding Appellant in contempt and remand for further proceedings consistent with this Judgment Order.

Application to remand granted. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016